UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL GURTON | : | Case No. 1:23-cv-065 |
| Plaintiff, | : | Judge Jeffrey P. Hopkins |
| -vs- | : | |
| | : | CITY DEFENDANTS' ANSWER |
| CITY OF CINCINNATI, et al., | : | TO AMENDED COMPLAINT |
| | : | WITH JURY DEMAND |
| Defendants. | : | |

Now come Defendants, City of Cincinnati ("City"), Cian McGrath, Nathan Asbury, Jason Voelkerding, Stephen Saunders, Lisa Davis, and Eliot Isaac (collectively hereafter "the City Defendants"), by and through counsel, and for their Answer to Plaintiff's Amended Complaint, state as follows:

The "Nature of the Action" section requires no response from the City Defendants. To the extent that allegations of civil rights/constitutional rights violations by the City Defendants are stated or implied, the City Defendants deny the allegations.

1. Paragraph 1 requires no response from the City Defendants. To the extent the allegations of civil rights/constitutional rights violations by the City Defendants are stated or implied, the City Defendants deny the allegations.

2. As to Paragraphs 2, 3, and 4, admit the Court has jurisdiction over this action and deny the remainder.

3. As to Paragraph 5, deny for want of knowledge.

1

4. As to Paragraphs 6 through 12, admit to their employment and deny the remainder.

5. As to Paragraph 13, admit the City is a municipal corporation and a political subdivision organized under Ohio law and that McGrath was employed by the City, and deny the remainder.

6. As to Paragraph 14, deny for want of knowledge.

7. As to Paragraphs 15 and 16, deny for want of knowledge.

8. As to Paragraph 17, the City Defendants admit that on or about January 26, 2022, at approximately 8:00 a.m., members of the Cincinnati Police Department's Fugitive Apprehension Squad wearing the uniform of the day and carrying CPD issued weapons executed an arrest warrant for Allen Gurton and deny the remaining allegations in Paragraph 17.

9. As to Paragraphs 18, 19, and 20, admit to those officers' names and deny that there were any officers present whose names have not been disclosed to Plaintiff.

10. As to Paragraph 21, the City admits the officers arrived in several vehicles, they were wearing the uniform of the day, and the officers fanned out around the building, and deny the remaining allegations in Paragraph 21.

11. As to Paragraph 22, admit.

12. As to Paragraphs 23, the City Defendants admit McGrath knocked on the door and announced himself as Police and deny the remaining allegations in Paragraph 23 for want of knowledge.

13. As to Paragraph 24, the City Defendants admit McGrath announced and addressed the subject of the arrest warrant and deny the remaining allegations in Paragraph 24.

14. As to Paragraphs 25 and 26, deny.

15. As to Paragraphs 27 through 30, the City Defendants state that the body camera footage speaks for itself, and deny the remaining allegations in Paragraphs 27 through 30.

16. As to Paragraph 31, the City Defendants admit the occupants in the home were slow to comply, if at all, with lawful police orders and deny the remaining allegations in Paragraph 31.

17. As to Paragraph 32, the City Defendants deny McGrath kicked the door in and deny for want of knowledge the remaining allegations in Paragraph 32.

18. As to Paragraph 33, the City Defendants admit McGrath used a kick to keep the door open, the officers were wearing the uniform of the day, and guns were drawn to execute the felony arrest warrant and deny the remaining allegations in Paragraph 33.

19. As to Paragraphs 34 and 35, deny.

20. As to Paragraph 36, the City Defendants admit that Nathaniel Gurton's brother exited the apartment first and deny the remaining allegations in Paragraph 36.

21. As to Paragraphs 37 through 41, deny.

22. As to Paragraph 42, deny there were any unlawful actions or any ratification of unlawful actions.

23. As to Paragraph 43, admit to the execution of the felony warrant with weapons drawn, admit to the detention of Nathaniel Gurton, and deny the remaining allegations in Paragraph 43.

24. As to Paragraph 44, deny.

25. As to Paragraph 45, the City Defendants admit that McGrath and Jackson wore body cameras and deny the remaining allegations in Paragraphs 45.

26. As to Paragraphs 46 through 49, the City Defendants admit to treating Nathaniel Gurton for a single minor scratch on his head from which he bled, to taking photos of said injury, to Nathaniel Gurton's requests to speak to a supervisor, and deny the remainder.

27. As to Paragraph 50, the City Defendants admit that Nathaniel Gurton failed to follow lawful police orders, that he was informed that he was under arrest for obstructing official business, and deny the remainder to the extent that they allege any improper conduct.

28. As to Paragraph 51, deny for want of knowledge.

29. As to Paragraph 52, deny.

30. As to Paragraph 53, the City Defendants admit that the North College Hill Fire Department treated Gurton for a single minor scratch that required a band-aid and that Gurton refused to cooperate with the North College Hill Fire Department, and deny the remaining allegations in Paragraph 53.

31. As to Paragraph 54, admit that Gurton's request to speak with a supervisor was met, that the body cam footage speaks for itself, and deny the remainder to the extent that any unlawful conduct is alleged.

32. As to Paragraphs 55 and 56, deny for want of knowledge.

33. As to Paragraph 57, the City Defendants admit Nathaniel Gurton was arrested, that he told the officers he had a job that he was scheduled to work at that day, and deny the remaining allegations in Paragraph 57 for want of knowledge.

34. As to Paragraph 58, admit.

35. As to Paragraph 59, deny for want of knowledge.

36. As to Paragraph 60, the City Defendants admit the charge was ignored and deny the remaining allegations in Paragraph 60.

37. As to Paragraphs 61 and 62, deny for want of knowledge.

38. As to Paragraphs 63 and 64, admit to the charge being dismissed, state that the policy referenced therein is the best source for what it states, and deny the remaining allegations in paragraphs 63 and 64.

## COUNT I

39. As to Paragraph 65, the City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

40. As to Paragraphs 66 through 71, deny.

## COUNT II

41. As to Paragraph 72, the City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

42. As to Paragraphs 73 through 77, deny except admit the charge against Nathaniel Gurton was dismissed.

## COUNT III

43. As to Paragraph 78, the City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

44. As to Paragraphs 79 through 87, admit the City has policies on various and numerous topics and deny the remaining allegations to the extent they allege a failure to train, supervise, monitor, or discipline, or to the extent they allege unlawful conduct.

## COUNT IV

45. As to Paragraph 88, the City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

46. As to Paragraphs 89 through 93, deny except admit the charge against Nathaniel Gurton was dismissed.

## COUNT V

47. As to Paragraph 94, the City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

48. As to Paragraphs 95 and 96, deny.

## COUNT VI

49. As to Paragraph 97, the City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

50. As to Paragraphs 98 through 101, deny.

## COUNT VII

51. As to Paragraph 102, the City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

52. As to Paragraphs 103 through 108, deny.

## COUNT VIII

53. As to Paragraph 109, the City Defendants incorporate all preceding admissions and denials as if fully rewritten herein.

54. As to Paragraphs 110 through 113, deny.

## PLAINTIFF'S PRAYER FOR RELIEF

To the extent a response is required, Plaintiff's prayer for relief is denied.

## AFFIRMATIVE DEFENSES

1. The City Defendants deny each and every statement, allegation, and averment contained in Plaintiff's Amended Complaint that is not specifically admitted to be true.

2. Plaintiff failed to state a claim upon which relief may be granted.

3. Plaintiff failed to mitigate damages, if any.

4. The City Defendants acted reasonably, in good faith, without malice, and with probable cause.

5. The City Defendants did not violate any clearly established constitutional or statutory rights of which a reasonable officer would have known.

6. The individual defendants are entitled to qualified immunity.

7. R.C. 2744 provides state tort immunity to the City Defendants.

8. The City Defendants are entitled to a credit, setoff, or deduction of all amounts paid to or available to Plaintiff from collateral sources as set forth in R.C. 2744.05 of the Ohio Revised Code.

9. Plaintiff has not suffered an economic or noneconomic loss that would entitle him to recover damages.

10. Any damage to Plaintiff was caused by unforeseeable, independent, intervening or superseding events beyond the control and unrelated to the conduct of the City Defendants.

11. The City Defendants state that if Plaintiff suffered damages, which is specifically denied, Plaintiff proximately caused and/or directly contributed to said damages by his own negligence or recklessness and/or assumed the risk thereby barring Plaintiff from any recovery against the City Defendants or diminishing any recovery by Plaintiff against the City Defendants.

12. The City Defendants hereby give notice of their intent to rely on and utilize any affirmative defense set forth in Rule 8 & 12 of the Federal Rules of Civil Procedure that may become available or apparent during the course of discovery and hereby reserve the right to amend their answer to assert such defenses.

13. The alleged damages to Plaintiff were caused by the acts and/or omission of someone other than the City Defendants over whom the City Defendants had no control.

14. The City Defendants reserve the right to raise any other defenses as shall become manifest during or upon completion of discovery and hereby reserve the right to amend their answer to assert such defenses.

## JURY DEMAND

The City Defendants hereby demand a trial by jury.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, the City Defendants ask that the Court dismiss all claims against them and enter judgment in their favor and against Plaintiff, and further request that they be awarded such relief against Plaintiff as is just and proper, including reasonable attorneys' fees and costs.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Kevin M. Tidd*
Kevin M. Tidd (0080957)
Shuva J. Paul (0088484)
Senior Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4520
Fax: (513) 352-1515
kevin.tidd@cincinnati-oh.gov
shuva.paul@cincinnati-oh.gov
*Counsel for City Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been filed and served electronically through the Court's ECF System on all parties on this 20th day of February 2024.

*/s/ Kevin M. Tidd*
Kevin M. Tidd (0080957)
